IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA D. MOYA, | § § | |
| *Plaintiff,* | § § | SA-21-CV-00009-FB |
| vs. | § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

# ORDER

Before the Court in the above-styled cause of action is Defendant's Motion to Abate Plaintiff's Extra-Contractual Claims [#33]. This case was referred to the undersigned for all pretrial proceedings on February 4, 2021, and the undersigned has authority to issue this non-dispositive Order pursuant to 28 U.S.C. § 636(b)(1)(A). After considering Defendant's motion, Plaintiff's response [#36], Defendant's reply [#37], the record in this case, and the governing law, the Court will grant the motion for the reasons that follow.

## I. Background

This is a first-party insurance dispute over underinsured motorist benefits ("UIM"). Plaintiff Maria D. Moya had a collision with Melody Rose Shaddox on September 4, 2019, in San Antonio, Texas. Ms. Shaddox rear-ended Moya's vehicle, and Moya contends Shaddox was solely responsible for the accident. As a result of the collision, Moya claims she suffered serious bodily injuries. Ms. Shaddox possessed only $50,000 in auto liability insurance benefits at the time of the crash, which she tendered to Moya. Because Moya's damages from her injuries allegedly exceed $50,000, she filed a claim with her insurer, Defendant Allstate Fire and Casualty Insurance Company ("Allstate"). Allstate refused to pay the claim.

1

Moya filed this suit in state court on March 6, 2020, alleging Ms. Shaddox's negligence with respect to the accident and seeking a declaratory judgment against Allstate that Allstate owes Moya benefits under the UIM motorist policy it issued. (Orig. Pet. [#1-3].) This case already has a significant procedural history, involving two separate removals to federal court, the first of which was unsuccessful, and an initial round of dispositive motions.

Most recently, after Allstate's second removal, the Court denied Moya's motion to remand, concluding that the face of Moya's First Amended Petition established that the amount in controversy had been satisfied and that the Court has diversity jurisdiction over this case. The Court also denied Allstate's 12(c) motion for judgment on the pleadings, finding that Allstate was not entitled to dismissal of any of the claims in Moya's Second Amended Complaint, which is now the live pleading in this action.

The Second Amended Complaint contains a claim for declaratory judgment, as well as extracontractual claims arising under Chapters 541 and 542 of the Texas Insurance Code. (Second Am. Compl. [#15].) Moya's declaratory judgment claim asks the Court to determine whether the UIM contract is valid and enforceable and to determine the amounts owed by Allstate to Moya under the UIM policy she purchased. (*Id.* at ¶ 10.) Moya's extracontractual claims allege Allstate engaged in unfair settlement practices, failed to engage in a good faith settlement of Moya's claim, and made certain material misrepresentations in violation of the Deceptive Trade Practices Act ("DTPA"). (*Id.* at ¶¶ 11–13.) Moya seeks actual and treble damages under the Texas Insurance Code, alleging Allstate's knowing violation of the Code. (*Id.* at ¶¶ 15–16.)

Allstate now moves to abate Moya's extracontractual claims, arguing that abatement is required under prevailing case law, as these claims are contingent upon Moya first establishing

her legal entitlement to UIM benefits. The Court agrees and will abate the extracontractual claims but without formally bifurcating or severing these claims from Plaintiff's declaratory judgment cause of action.

## II.  Analysis

Under Texas law, which the parties agree governs here, "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018). The Texas Supreme Court has stated that an "insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the [tortfeasor] motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Neither a settlement between the insured and tortfeasor, nor an admission of liability from the tortfeasor, on its own establishes coverage under UIM insurance because "a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.*

This Court has already held, in denying Allstate's motion for judgment on the pleadings (*see* [#32] at 7–8), that an insured may choose to litigate UIM coverage with the insurer by pursuing a declaration that benefits are owed without first obtaining a judgment against the tortfeasor. *See Brainard*, 216 S.W.3d at 818 ("[T]he insured is not required to obtain a judgment against the tortfeasor[;] . . . the insured may settle with the tortfeasor . . . and then litigate UIM coverage with the insurer."). This is precisely what Moya is doing here through her declaratory judgment against Allstate.

This Court has also already denied Allstate's request to dismiss Moya's extracontractual claims pursuant to Rule 12(c). (*See* [#32] at 9.) For extracontractual claims to proceed without

3

first judicially establishing the liability of the motorist tortfeasor, there must be some extracontractual injury that is unrelated to and independent of the denial of the underlying policy claim.  *Manchaca*, 545 S.W.3d at 499.  The Court held that Moya pleaded independent injuries separate and apart from the denial of her insurance claim and that there was no basis for dismissal on the pleadings under the independent-injury rule at the pleading stage of this litigation.  (*See* [#32] at 9.)

The Court does, however, find that Moya's extracontractual claims should be abated, so that the parties may first resolve Moya's declaratory judgment action.  It is within a federal court's discretion to decide whether to sever and abate a claim.  *See FDIC v. Blanton*, 918 F.2d 524, 533 (5th Cir. 1990).  And Texas courts have also found that abatement is proper if it will promote justice, avoid prejudice, and promote judicial economy.  *In re State Farm Mut. Auto Ins. Co.*, 395 S.W.3d 229, 237 (Tex. App.—El Paso 2012, orig. proceeding).

Several Texas appellate courts have held that it is an abuse of discretion to refuse to abate discovery on extracontractual claims because the parties should not be made to incur the "effort and expense of conducting discovery and preparing for trial for claims that may be disposed of in a previous trial."  *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, no pet., orig. proceeding); *see also In re Progressive Cty. Mut. Ins. Co.*, No. 04-20-00178-CV, 2020 WL 3815927, at *6 (Tex. App.—San Antonio July 8, 2020, orig. proceeding) ("[A]batement of Sanchez's extra-contractual claims is necessary to avoid unnecessary litigation expenses, conserve judicial resources, and to do justice, avoid prejudice, and further convenience.") (internal quotation and citation omitted); *Tex. Farmers Ins. Co. v. Stem*, 927 S.W.2d 76, 79 (Tex. App.—Waco 1996, no pet., orig. proceeding) (holding that severance and abatement of extra-contractual claims was mandatory).  And although federal law governs

4

matters of procedure in federal court, in UIM cases federal district courts have also often abated extra-contractual claims pending resolution of the underlying UIM claim. *See Ochoa v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-319-XR, 2020 WL 2129252, at *3 (W.D. Tex. May 5, 2020); *Stoyer v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1376-K, 2009 WL 464971, at *3 (N.D. Tex. Feb. 24, 2009).

Consistent with these opinions, the Court finds that the extracontractual claims in this case should be abated. The Court declines, however, to officially sever these claims at this time. Texas appellate courts have found in some circumstances that the denial of a request to sever extracontractual claims would cause the insurer undue prejudice, such as whether the insurer has made an offer of settlement, as evidence of that offer might help the insurer on the bad faith claims but hurt the insurer on the breach of contract claim. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996). Allstate has not requested severance in its motion. If particular circumstances arise at a subsequent juncture in this case that warrant severance of Moya's claims, Allstate may move for such relief.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Abate Plaintiff's Extra-Contractual Claims [#33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's extracontractual claims are hereby **ABATED** until further Order of this Court.

SIGNED this 3rd day of June, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE