IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA D. MOYA, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00009-FB |
| vs. | § § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Renewed Motion to Compel [#33]. This case was referred to the undersigned for all pretrial proceedings on February 4, 2021, and the undersigned has authority to issue this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A). The Court held a hearing on the motion on June 11, 2021, at which counsel for all parties appeared via videoconference. At the close of the hearing, and after considering Plaintiff's motion, the response and reply thereto [#41, #42], the parties' Advisory [#46], and the arguments of counsel at the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order. For the reasons that follow, the Court will grant in part and deny in part the motion.

**I. Background**

This is a first-party insurance dispute over underinsured motorist benefits ("UIM"). Plaintiff Maria D. Moya had a collision with Melody Rose Shaddox on September 4, 2019, in San Antonio, Texas. Ms. Shaddox rear-ended Plaintiff's vehicle, and Plaintiff contends Shaddox was solely responsible for the accident. As a result of the collision, Plaintiff claims she suffered serious bodily injuries. Ms. Shaddox possessed only $50,000 in auto liability insurance benefits at the time of the crash, which she tendered to Plaintiff. Because Plaintiff's damages from her

injuries allegedly exceed $50,000, she filed a claim with her insurer, Defendant Allstate Fire and Casualty Insurance Company ("Allstate"). Allstate refused to pay the claim.

Plaintiff filed this suit in state court on March 6, 2020, alleging Ms. Shaddox's negligence with respect to the accident and seeking a declaratory judgment against Allstate that Allstate owes Plaintiff benefits under the UIM motorist policy it issued. (Orig. Pet. [#1-3].) Allstate removed the case to federal court, and after removal, the Court denied Plaintiff's motion to remand, concluding that the face of Plaintiff's First Amended Petition established that the amount in controversy had been satisfied and that the Court has diversity jurisdiction over this case. The Court also denied Allstate's 12(c) motion for judgment on the pleadings, finding that Allstate was not entitled to dismissal of any of the claims in Plaintiff's Second Amended Complaint, which is now the live pleading in this action.

The Second Amended Complaint contains a claim for declaratory judgment, as well as extracontractual claims arising under Chapters 541 and 542 of the Texas Insurance Code. (Second Am. Compl. [#15].) Plaintiff's declaratory judgment claim asks the Court to determine whether the UIM contract is valid and enforceable and to determine the amounts owed by Allstate to Plaintiff under the UIM policy she purchased. (*Id.* at ¶ 10.) Plaintiff's extracontractual claims allege Allstate engaged in unfair settlement practices, failed to engage in a good faith settlement of Plaintiff's claim, and made certain material misrepresentations in violation of the Deceptive Trade Practices Act ("DTPA"). (*Id.* at ¶¶ 11–13.) Plaintiff seeks actual and treble damages under the Texas Insurance Code, alleging Allstate's knowing violation of the Code. (*Id.* at ¶¶ 15–16.)

Allstate thereafter moved to abate Plaintiff's extracontractual claims, arguing that abatement is required under prevailing case law, as these claims are contingent upon Plaintiff first establishing her legal entitlement to UIM benefits. The Court abated the extracontractual

2

claims but without formally bifurcating or severing these claims from Plaintiff's declaratory judgment cause of action. Plaintiff has now filed a motion to compel discovery from Allstate.

## II. Analysis

Plaintiff's motion asks the Court to compel Allstate to respond more fully to certain interrogatories and requests for production, to order Allstate to disclose all persons with knowledge of any relevant fact related to Plaintiff's claims and Allstate's defenses, and to order Allstate to present a corporate representative for deposition in accordance with Federal Rule Civil Procedure 30(b)(6). Prior to and at the Court's hearing, the parties were able to resolve some of their disputes without Court intervention. For example, Allstate has agreed to respond to Interrogatory 11 by providing Plaintiff with all the names of those involved in the processing of Plaintiff's claim. The parties have not yet resolved their disputes with respect to Interrogatories 14, 15, and 16, or with respect to Requests for Production 4, 5, 6, 7, and 10, as well as the request for a Rule 30(b)(6) deposition.

The crux of the parties' remaining dispute is whether Plaintiff should be permitted conduct discovery regarding any of Plaintiff's extracontractual claims arising under the Texas Insurance Code (which the undersigned previously abated) or whether Plaintiff should be limited only to discovery pertaining to her declaratory judgment action. Plaintiff argues, as she did in her response to Allstate's motion to abate, that there are three categories of claims: (1) the declaratory judgment claim seeking a determination of whether Plaintiff is entitled to UIM benefits under the policy at issue; (2) the extracontractual claims regarding Allstate's alleged failure to engage in a good faith settlement of Plaintiff's claims; and (3) the extracontractual claims regarding Allstate's alleged fraudulent misrepresentations regarding the UIM benefits Plaintiff purchased.

As previously discussed in the Order abating Plaintiff's extracontractual claims, an "insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018). An "insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the [tortfeasor] motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

Acknowledging this precedent, Plaintiff argues that only category two is dependent on a judgment of entitlement to UIM benefits under Texas law. Plaintiff argues that category three asserts an independent injury separate and apart from the denial of her insurance claim—the payment of years of premiums on a policy the terms of which Allstate misrepresented—and is therefore not predicated on a right to recover policy benefits in this instance. Plaintiff therefore believes that even though the Court abated both categories of extracontractual claims and limited the first phase of litigation to whether Plaintiff is entitled to UIM benefits related to her accident with Ms. Shaddox, she should nevertheless be permitted to conduct discovery that pertains to category three.

Although the Court agrees that there are indeed three categories of claims, and that the third category is alleged to be be predicated on an independent injury, the Court has already ordered that all extracontractual claims be abated while the parties litigate Plaintiff's contractual right to UIM benefits through her declaratory judgment claim. Plaintiff conceded at the hearing that she is asking the Court to reconsider its ruling abating both the second and third categories of claims and lift the abatement with regard to the third category and allow discovery to proceed on those claims. The Court declines to do so and incorporates by reference the reasons for abatement articulated in that Order.

But even if the second and third categories of claims were not abated, the Court would still phase discovery in this case pursuant to its inherent case management authority. "A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." *Vivid Techs., Inc. v. Am. Sci. & Engr., Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999) (citing Fed.R.Civ.P. 16(b), (c); 26(b); 42(b)). "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Id*. (citing 8 Charles Alan Wright & Richard L. Marcus, *Federal Practice & Procedure* § 2040, at 521 (2d ed.1994) (citing cases)). Allowing Plaintiff to conduct discovery on the first and third categories of claims together, rather than limiting discovery to the declaratory judgment issue in the first phase, does not promote judicial efficiency. Once Plaintiff's declaratory judgment claim has been decided, Plaintiff will have the opportunity to either proceed with discovery on both sets of extracontractual claims (if Plaintiff was entitled to UIM benefits) or to argue to the Court why the third category of claims should not be dismissed even though Plaintiff was not entitled to UIM benefits stemming from her accident with Ms. Shaddox.

In light of the foregoing, the Court will deny Plaintiff's motion to compel as to Interrogatories 14, 15, and 16 and Requests for Production 6 and 7 because these questions concern Plaintiff's extracontractual claims, which are currently abated. The only discovery that shall proceed at this time is discovery related to whether Plaintiff is entitled to UIM benefits, i.e., whether she suffered damages in excess of Ms. Shaddox's insurance coverage.

As to Requests for Production 4 and 5, the Court finds that the privilege logs and disclosures already provided by Allstate are sufficient. The Court will, however, take Request for Production 10, which concerns Allstate's invocation of the work-product privilege, under advisement and direct the parties to provide the Court with additional briefing on this issue.

The Court will grant the motion to compel with respect to Plaintiff's request for a corporate representative deposition but limit the deposition to the topic of Allstate's defense to declaratory action and to confirm that Allstate does not have any independent knowledge on the extent of Plaintiff's damages. This deposition may not explore the factual bases of Allstate's defenses to Plaintiff's extracontractual claims.

Finally, the Court will order the parties to confer on scheduling recommendations to govern this initial phase of the case, including deadlines for expert disclosures, a mediation deadline, and deadlines for discovery and dispositive motions associated with Plaintiff's declaratory judgment claim. After all scheduling order deadlines have expired in this first phase of litigation, the Court will set a status conference to address deadlines necessary to govern the next phase of the litigation. **IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Compel [#33] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that the parties file any supplemental briefing pertaining to Request for Production 10 and the work-product privilege on or before **June 18, 2021**.

**IT IS FURTHER ORDERED** that the parties confer on scheduling order deadlines for a first phase of this case pertaining to Plaintiff's declaratory judgment claim and submit proposed scheduling recommendations on or before **June 25, 2021**, as set forth in the attached form.

SIGNED this 15th day of June, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA D. MOYA, | § § | |
| *Plaintiff,* | § § | SA-21-CV-00009-FB |
| vs. | § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

## **SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. Parties resisting claims for relief shall filed their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

2. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within ____ days of receipt of the written report of the expert's proposed testimony, or within ____ days of the expert's deposition, if a deposition is taken, whichever is later.

3. The parties shall complete all discovery on or before _____. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

4. All dispositive motions shall be filed no later than _____. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to _____ pages in length.

5. The parties shall mediate this case on or before _____.