IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA D. MOYA, | § § | |
| *Plaintiff,* | § § | SA-21-CV-00009-FB |
| vs. | § § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Renewed Motion to

Compel [#39]. The Court held a hearing on the motion on June 11, 2021, at which counsel for

all parties appeared via videoconference. On June 15, 2021, the Court issued an Order granting

in part and denying in part the motion and ordering the parties to file supplemental briefing on

one outstanding issue—whether the documents Plaintiff seeks from Defendant in Request for

Production 10 are protected by the work-product privilege. The parties filed their respective

briefing as ordered [#53, #54], and each party filed an additional response [#55, #56]. For the

reasons that follow, the Court will deny the motion with respect to Request for Production 10

because all documents and communications responsive to this request that were created after

January 14, 2020, are protected by the work-product privilege.

## I.  Background

This case arises out of a car accident between Plaintiff and an underinsured motorist.

Plaintiff filed a claim with her insurer, Defendant Allstate Fire and Casualty Company, to

compensate her for the full extent of her injuries. Defendant denied the claim, and Plaintiff filed

suit in state court. Defendant removed the case based on diversity jurisdiction. Plaintiff's live

1

pleading seeks a declaratory judgment that she is contractually entitled to underinsured motorist benefits under the policy issued her by Defendant.  Plaintiff also asserts various extracontractual claims against Defendant under Chapters 541 and 542 of the Texas Insurance Code for unfair settlement practices and materially misrepresenting the issued policy.  The Court abated these extracontractual claims on June 3, 2021, pending resolution of Plaintiff's request for a declaratory judgment and contractual entitlement to benefits.  The Court has limited discovery to "any nonprivileged matter that is relevant to [Plaintiff's declaratory judgment claim] and proportional to the needs of the case."  *See* Fed. R. Civ. P. 26(b)(1).

Plaintiff has served various discovery on Defendant, which includes Request for Production 10.  Request for Production 10 asks Defendant to produce the following:

> **Medical Evaluations:**   All documents reflecting any review and evaluation done of Plaintiff's medical treatment, records or bills.  This would include any evaluation done by the adjuster(s), or by a computer program (such as Colossus, Mitchell Medical) or by a third-party.

(Discovery [#39-2] at 5.)  In response to the request, Defendant asserted the work product and attorney-client privileges, among other objections.  To date, Defendant has not produced any documents in response to this request.  Plaintiff asks the Court to compel Defendant to produce the requested documents pursuant to Rule 37 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 37(a).  Defendant continues to refuse the production, invoking the work-product privilege.

## II.  Legal Standard

Defendant, as the party attempting to invoke the work-product privilege, bears the burden of proof that the documents at issue fall under the privilege.  *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).  Because this case arises under the Court's diversity jurisdiction, Texas privilege law governs the parties' dispute.  Fed. R. Evid. 501 ("[I]n a

civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *In re Avantel, S.A.*, 343 F.3d 311, 318 & n.6 (5th Cir. 2003) (applying Texas privilege law on question of whether documents were protected by attorney-client privilege).

Texas recognizes a work-product privilege protecting from disclosure "material prepared," "mental impressions developed," or "communication made" in "anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents." Tex. R. Civ. P. 192.5(a)(1), (2). Core work product—the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories—is not discoverable. *Id.* at 192.5(b)(1). Any other work product is discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means." *Id.* at 192.5(b)(2).

Texas applies a two-prong test in evaluating whether the documents or communications were "prepared in anticipation of litigation or trial," which includes both an objective and subjective inquiry. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 40–41 (Tex. 1989). A document or communication was prepared in anticipation of litigation if (1) an objectively reasonable person would have concluded from the totality of the circumstances surrounding the document or communication that "there was a substantial chance that litigation would ensue"; and (2) the party resisting discovery subjectively believed that "there was a substantial change that litigation would ensue" and created the document or communication "for the purpose of preparing for such litigation." *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 207 (Tex. 1993). "A substantial chance of litigation" does not refer to any particular statistical probability that

litigation will occur" but "simply means that litigation is more than merely an abstract possibility or unwarranted fear." *Id.* at 204 (internal quotation and citation omitted). "It is not necessary that litigation be threatened or imminent, as long as the prospect of litigation is identifiable because of claims that have already arisen." *Id.* at 205.

Texas law requires a *prima facie* showing that the work product privilege applies to the documents at issue and the production of some evidence to support the assertion of privilege, such as an affidavit, live testimony, and/or a privilege log. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 226 (Tex. 2004); *In re Lumbermen's Underwriting Alliance*, 421 S.W.3d 289, 295 (Tex. App.—Texarkana 2014, orig. proceeding).

### III.  Analysis

Plaintiff seeks documents and communications that evaluate Plaintiff's records, bills, and treatment submitted as part of her claim for underinsured motorist benefits under Defendant's policy. Defendant argues that these records were prepared in anticipation of litigation and submits a declaration by Defendant's adjuster as evidentiary support for its position. The declaration attests that Plaintiff's counsel provided Defendant with a Demand Letter for underinsured motorist benefits on behalf of Plaintiff on January 14, 2020.[1] (Gifford-Robinson Decl. [#54-2], at 1, ¶ 4.) The Demand Letter, which is dated January 13, 2020, is attached to the declaration, details Plaintiff's injuries, attaches Plaintiff's medical and billing records, and demands payment to the full extent of Plaintiff's underinsured motorist benefits in the amount of $100,000. (Demand Ltr. [#54-2], at 3–14.) This demand further states that if Defendant fails to pay benefits in their entirety within 21 days of the date of the letter, Plaintiff will file suit in

---

[1] This declaration is unsworn. Plaintiff does not object to the declaration on this basis, but the Court notes that such declarations are permitted in federal court. *See* 28 U.S.C. § 1746.

Bexar County Court for an order demanding benefits be paid via a declaratory judgment.  (*Id.* at 13.)

According to the adjuster's declaration, Defendant began to anticipate litigation on January 14, 2020, upon receipt of the demand, and "all entries made into the claim file and investigations of any kind conducted by Allstate after that date were made in anticipation of litigation."  (Gifford-Robinson Decl. [#54-2], at 2, ¶ 4.)  The declaration further states that all communications between Defendant's employees (and Defendant's employees and its attorneys), as well as any documents created or investigations conducted, including "any and all reviews and evaluations of Plaintiff's medical treatments, medical records, or medical bills," were made in anticipation of litigation "for the purposes of evaluating claims, facilitating anticipated litigation, and advancing the defenses of the Defendant in the anticipated litigation."  (*Id.* at 2, ¶¶ 5–6.)

Plaintiff does not primarily argue that the substance of this declaration is insufficient to satisfy Defendant's burden to establish the application of the privilege.  Rather, Plaintiff contends that the Court should strike and not consider the declaration because Defendant failed to provide this evidence at an earlier date, either in Defendant's original response to the motion to compel or at the Court's hearing on the motion.  Plaintiff also argues that the Court's order for supplemental briefing on the work-product privilege did not specifically state that the submission of additional evidence would be permitted and that Defendant failed to disclose its adjuster as a witness as required by Rule 26 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless.").

The Court will deny Plaintiff's request that the Court strike the adjuster's declaration and will consider this evidence in determining whether Defendant has satisfied its burden.  Any

failure to formally disclose Mr. Gifford-Robinson as a witness under Rule 26 is harmless, in light of Defendant's repeated identification of Mr. Gifford-Robinson as the person supplying answers to Plaintiff's interrogatories and in possession of information about this case during discovery. (Interrogatory Responses [#56-1], at 4; Interrogatory Responses [#56-3], at 3.)   These interrogatory responses included Mr. Gifford-Robinson's full name and contact information. (*See id.*)

Additionally, Plaintiff's argument that the deadline for supplying evidence is in an original responsive filing or at a court hearing is not supported by any binding case law or other evidentiary principle.   The Court specifically ordered the parties to brief the work-product privilege because it was not addressed at all—by either party—in their briefing prior to the hearing, and yet the parties informed the Court at the hearing that they continue to dispute its application as to Request for Production No. 10 and required Court intervention.   The primary substance of Plaintiff's motion to compel concerned not issues of privilege but whether the Court should allow the scope of discovery to encompass some category of extracontractual claims.

The Court also rejects Plaintiff's argument that Defendant's burden with respect to the work-product privilege is to demonstrate that "the primary motivating purpose" behind the creation of the document at issue was to aid in possible future litigation, as opposed to the ordinary course of business.   This principle reflects the Fifth Circuit's rule on the work-product privilege. *See United States v. El Paso*, 682 F.2d 530, 542 (5th Cir. 1982).   As was explained above, Texas—not federal—privilege law applies in this diversity case.

Defendant has satisfied its burden to demonstrate that the any medical evaluations sought by Plaintiff that were created on or after January 14, 2020, were "made in anticipation of litigation or trial," as required by Texas law.   Based on Plaintiff's demand letter, a reasonable person would have concluded that there was a substantial chance litigation would ensue.   Based

on the adjuster's declaration, Defendant also subjectively believed in the likelihood of litigation over Plaintiff's underinsured motorist benefits and prepared the medical evaluations "for the purpose of preparing for such litigation." *Brotherton*, 851 S.W.2d at 207. Any documents created by Defendant that are responsive to Request for Production 10 but were created before January 14, 2020, however, must be produced.

Finally, Plaintiff clarifies in its briefing that it is not seeking documents from Defendant's attorneys or communications with Defendant's attorneys, only medical evaluations created by Defendant's employees. Thus, argues Plaintiff, the work-product at issue is not core work product and still may be discoverable upon a showing that Plaintiff has a "substantial need of the materials" and is unable to obtain other equivalent evidence by other means. *See* Tex. R. Civ. P. 192.5(b)(2). Plaintiff has failed to make such a showing.

The Court will therefore deny Plaintiff's motion to compel as to Request for Production 10 as to responsive documents and communications created on or after January 14, 2020.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Compel [#39] is **DENIED** as follows. Defendant must only produce those documents and communications responsive to Request for Production 10 that were created before January 14, 2020.

SIGNED this 19th day of July, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

7